UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                    :

UNITED STATES OF AMERICA,          :

                              :               12-CR-408 (JMF)

          -v-               :

                              :         MEMORANDUM OPINION

JOSE PACHECO,                  :            AND ORDER

                              :

                  Defendant.     :

                              :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Defendant Jose Pacheco, who has a little more two months remaining on an eight-month

sentence for violating the terms of his supervised release, moves for compassionate release

pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 53 ("Motion"). More specifically, he asks

that the Court "convert the remainder of his eight-month sentence . . . to supervised release with

a special condition of home confinement." *Id.* at 1. The compassionate release statute provides

that the Court "may reduce" a defendant's term of imprisonment "if it finds that . . .

extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission" and the

sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1] Upon

review of the parties' submissions, the Court finds that all of these requirements are met.

       First, as this Court and others have concluded, the threat of COVID-19 to those in prison

constitutes an extraordinary and compelling reason for compassionate release. *See, e.g.*, *United*

---

[1] The statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C.
§ 3582(c)(1)(A), which — as the Government appears to implicitly concede — has been satisfied
here because thirty days have passed since Pacheco submitted a request for compassionate
release to jail officials. *See* Motion 3; *see* ECF No. 55 ("Opp'n").

*States v. Maya Arango*, No. 15-CR-104 (JMF), 2020 WL 3488909, at *2 (S.D.N.Y. June 26, 2020); *United States v. Pena*, No. 15-CR-551 (AJN), 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020).  Citing the Third Circuit's decision in *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020), the Government argues that "the existence of COVID-19 is not, in and of itself, an extraordinary and compelling reason for a sentence reduction."  Opp'n 4.  But *Raia* does not actually stand for that proposition.  The Third Circuit simply remarked — in dictum, no less, as the Court actually denied the defendant's motion for lack of exhaustion — that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  *Raia*, 954 F.3d at 597.  That remark is not inconsistent with concluding that the threat of COVID-19 to those in prison, by itself, constitutes an extraordinary and compelling reason for compassionate release.  That is because the existence of "extraordinary and compelling reasons" is a necessary, but not sufficient, requirement for granting relief under the statute; a court must *also* find that such "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A)(i).

In the Court's view, it denies reality to suggest, let alone hold, that the threat of COVID-19 to those in prison does not qualify as an extraordinary and compelling reason to consider the early release of those in prison.  As the Court has noted elsewhere, "[t]hose detained in jails and prisons face particularly grave danger" from the pandemic and, "[r]ealistically, the best — perhaps the only — way to mitigate the damage and reduce the death toll is to decrease the jail and prison population by releasing as many people as possible."  *United States v. Nkanga*, — F. Supp. 3d —, No. 18-CR-713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020); *see, e.g.*, Brendan Saloner, et al., *COVID-19 Cases and Deaths in Federal and State Prisons*, JAMA

(July 8, 2020) (finding that, as of June 6, 2020, the "COVID-19 case rate for prisoners was 5.5 times higher than the US population case rate" and that "the adjusted death rate in the prison population was 3.0 times higher than would be expected if the age and sex distributions of the US and prison populations were equal"), *available at* https://jamanetwork.com/journals/jama/fullarticle/2768249.

That is not to say that the threat, by itself or by definition, justifies a sentence reduction in every case; were it otherwise, every defendant in federal custody would be entitled to immediate release, which would be absurd and inconsistent with Congress's intent.  Instead, it means that whether a motion for compassionate release on the basis of COVID-19 should be granted turns on the other statutory requirements, which mandate consideration of, among other things, whether the movant is at higher risk of contracting COVID-19 or at higher risk in the event that he or she contracts the disease; the seriousness of the underlying offense; and the movant's record since sentencing.  *Compare, e.g.*, *United States v. Ozols*, No. 16-CR-692-7 (JMF), 2020 WL 2849893, at *1 (S.D.N.Y. June 2, 2020) (granting a motion for compassionate release in light of COVID-19), *and Maya Arango*, 2020 WL 3488909, at *1 (same), *with United States v. Fernandez*, 12-CR-445 (JMF), ECF No. 817 (S.D.N.Y. July 17, 2020) (denying a motion for compassionate release in light of COVID-19), *and United States v. Robles*, 16-CR-387 (JMF), ECF No. 428 (S.D.N.Y. July 17, 2020) (same).

Here, these other considerations — that is, the Section 3553(a) factors and applicable policy statements — weigh in favor of granting Pacheco's motion.  On February 12, 2020, the Court found that an eight-month sentence was sufficient, but no greater than necessary, to achieve the purposes of sentencing in view of Pacheco's dreadful record on supervised release. *See* ECF No. 51, at 21-22.  The balance weighs differently, however, in the current

circumstances.  For one thing, the conditions of Pacheco's confinement — which have included

any number of serious restrictions designed to stem the spread of the virus, *see* Opp'n 4-5 —

have been far harsher than the Court had reason to believe they would be when imposing an

eight-month sentence.  Additionally, "[d]ue to the COVID-19 pandemic, the 'history and

characteristics of the defendant'" and "the need for the sentence imposed . . . to reflect the

seriousness of the offense . . . and to protect the public from further crimes of the defendant,"

18 U.S.C. § 3553(a), now weigh heavily in favor of Pacheco's release, given the health risk that

continued incarceration poses to him.  *Pena*, 2020 WL 2301199, at *4.  At the time of the

February 12th sentencing, the Court had no notion of how severe the COVID-19 pandemic

would be or how it would affect the prison population.  Had the Court known then what it knows

now, it would not have ordered Pacheco confinement to a facility where he is indisputably at a

higher risk of contracting and dying from COVID-19 than if he were subject to home

confinement.  That is to say, the Court did not intend to impose a possible death sentence for a

non-violent violation of supervised release.

     In short, Pacheco's motion is GRANTED.  More specifically, the Court orders that:

(1)     Pacheco's sentence of incarceration is reduced to time served pursuant to
18 U.S.C. § 3582(c)(1)(A);

(2)     Pacheco is ordered released from Bureau of Prisons custody, effective
immediately;

(3)     Upon his release, Pacheco shall serve a period of supervised release to expire on
October 9, 2020, subject to the conditions of supervised release set forth in the
judgment dated January 21, 2019, *see* ECF No. 31, modified as follows:

(a)     Pacheco shall serve his supervised release on home confinement, to be
enforced by GPS monitoring, at his uncle's residence (2001 Morris Avenue,
Apt. 3B, Bronx, NY), *see* Motion 6, if approved by the Probation Department;

(b)     Pacheco need not participate in any form of drug- or alcohol-treatment;

(c)     Pacheco is to report to the Probation Department at 500 Pearl Street, 6th

Floor, New York, New York, at **10:00 a.m. fourteen days after his release** (during which time he is to self-quarantine at his approved residence), to have the GPS tracker affixed to his ankle;

(d) While on home confinement, Pacheco must remain at his approved residence except to seek any necessary medical treatment, in each instance with prior notice and approval by the Probation Department; and

(e) Pacheco must possess or have access to a telephone that will allow him to video-conference with the Probation Department.

The Government shall immediately notify the Bureau of Prisons of this Order.  The Clerk of Court is directed to terminate ECF No. 53.

SO ORDERED.

Dated: July 29, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge